**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-4761**

———————

UNITED STATES OF AMERICA,

                                      Plaintiff - Appellee,

      versus

DWIGHT MARCEL DEWER,

                                     Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. N. Carlton Tilley, Jr., District Judge. (1:06-cr-00476-NCT)

———————

Submitted: January 24, 2008      Decided: February 21, 2008

———————

Before MOTZ, SHEDD, and DUNCAN, Circuit Judges.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, David P. Folmar, Jr., Terry M. Meinecke, Assistant United States Attorneys, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dwight Marcel Dewer pled guilty to possession of twenty-four grams of cocaine base (crack) with intent to distribute, 21 U.S.C.A. § 841(a)(1), (b)(1)(B) (West 1999 & Supp. 2007), and was sentenced within the advisory guideline range to a term of seventy months imprisonment. Dewer appeals his sentence, arguing that the district court erred in declining to consider the disparity in sentences for crack and powder cocaine offenses and the pending guideline amendment intended to reduce the disparity as grounds for a variance below the guideline range. For the reasons explained below, we vacate the sentence and remand for resentencing.

At the time Dewer was sentenced, our circuit precedent did not permit the sentencing court to impose a variance sentence based on the disparity in sentences prescribed under the guidelines for crack and powder cocaine offenses. See United States v. Eura, 440 F.3d 625, 634 (4th Cir. 2006) (holding that 100:1 ratio could not be basis for variance), vacated, ___ S. Ct. ___, 2008 WL 59208 (U.S. Jan. 7, 2008) (No. 05-11659). Since the parties' briefs were filed, the Supreme Court decided, in Kimbrough v. United States, 128 S. Ct. 558 (2007), that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in

- 2 -

a mine-run case." <u>Kimbrough</u>, 128 S. Ct. at 575. <u>Kimbrough</u> thus abrogated <u>Eura</u>.

We review a sentence for reasonableness, applying an abuse of discretion standard. <u>Gall v. United States</u>, 128 S. Ct. 586, 597 (2007). A sentence within a correctly calculated advisory guideline range is presumptively reasonable. <u>United States v. Moreland</u>, 437 F.3d 424, 433 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2054 (2006); <u>see also</u> <u>Rita v. United States</u>, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness for within-guidelines sentence). However, in deciding not to vary below the guideline range in this case, the district court did not have the benefit of the Supreme Court's decision in <u>Kimbrough</u>. To give the district court an opportunity to reconsider the sentence in light of <u>Kimbrough</u>, we conclude that resentencing is necessary.

We therefore vacate the sentence and remand for resentencing in light of <u>Kimbrough</u>. On remand, the amended guidelines for crack offenses, effective November 1, 2007, will be applicable. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>